UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHUCK VICTOR BIBB,

Petitioner,

v.

KERN COUNTY SUPERIOR COURT,

Respondent.

Case No.: 1:26-cv-06257-EGC (HC)

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

Deadline: Respond Within 30 Days

Petitioner Chuck Victor Bibb is a state pretrial detainee proceeding pro se with a petition for writ of habeas corpus.[1]

## I. BACKGROUND

Petitioner is currently confined at the Kern County Lerdo Pretrial Facility. (Doc. 1 at 1.) The petition states he is awaiting sentencing.[2] (*Id*. at 3.) In the instant federal habeas petition, Petitioner raises claims of illegal search and seizure and "multiple preliminary hearing scheduled without a time waiver." (*Id*. at 6-7.)[3]

[1] Petitioner completed an AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 form.

[2] At page 1 of the petition, Petitioner states he is currently "[a] pretrial detainee (waiting for trial on criminal charges)."

[3] At page 2 of the petition, Petitioner states he is challenging the validity of his conviction or sentence and checked the "Other" box, stating: "Rights violation, due process complaint, false [imprisonment], illegal or no search [warrant]."

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[4] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### Exhaustion

It appears Petitioner has failed to exhaust the claims that he raises in the instant petition. "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The "comity considerations are not limited to challenges to the validity of state court convictions," but also include "attack[s] . . . on the failure of state prosecutorial authorities to afford [petitioners] a speedy trial." *Id*. (citing *Braden*, 410 U.S. 484). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971). If Petitioner has not sought relief in the California Supreme Court, the Court will not proceed to the merits of his claims as a prudential matter. The petition lacks any indication that Petitioner sought review in the California Supreme Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

---

[4] The Rules Governing Section 2254 Cases also apply to § 2241 habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254).

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** Petitioner to show cause **within thirty (30) days** from the date of service of this order why the petition should not be dismissed for a failure to exhaust state judicial remedies.

**A failure to respond to this Order to Show Cause (OSC) will result in a recommendation for dismissal of the petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for a failure to comply with orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Erin Sanz Castillo

UNITED STATES MAGISTRATE JUDGE