UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUCK VICTOR BIBB,<br>Petitioner,<br>v.<br>KERN COUNTY SUPERIOR COURT,<br>Respondent. | Case No.: 1:26-cv-06257-KES-EGC (HC)<br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PETITIONER'S FAILURE TO COMPLY WITH ORDERS AND FAILURE TO PROSECUTE**<br><u>14-Day Objection Period</u> |

Petitioner Chuck Victor Bibb is a state pretrial detainee proceeding pro se and *in forma pauperis* with a petition for writ of habeas corpus.

## I. BACKGROUND

Petitioner initiated this action by filing a petition for writ of habeas corpus in this Court on August 6, 2026. (Doc. 1.)

On August 27, 2026, the Court issued its Order to Show Cause (OSC) Why Petition Should Not Be Dismissed, observing it appeared Petitioner had failed to exhaust his claims prior to filing the instant petition. (Doc. 6.) Petitioner was directed to show cause within 30 days by informing "the Court whether each of his claims has been presented to the California Supreme Court" and "if possible, [to] provide the Court with a copy of the petition filed in the California Supreme Court …." (*Id*. at 2-3.)

More than 30 days have passed yet Petitioner has failed to respond to the OSC in any way.

## II. DISCUSSION

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket— the first and second factors —weigh in favor of dismissal because Petitioner has not responded to the OSC issued August 27, 2026, more than 40 days ago, wherein the Court directed him to inform the Court whether he had exhausted his claims prior to filing the instant petition. Next, the third factor— the risk of prejudice to the

opposing party —also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Petitioner is unreasonably delaying the proceedings by failing to respond to the OSC or by otherwise contacting the Court. The fourth factor— the public policy favoring disposition of cases on their merits —also weighs in favor of dismissal. By failing to respond to the OSC, Petitioner is not moving this action toward a disposition on the merits. Finally, there are no less drastic alternatives available. Petitioner was expressly warned in the OSC that a failure to respond to the OSC "**will result in a recommendation for dismissal of the petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for a failure to comply with orders and failure to prosecute**." (Doc. 6 at 3, emphasis in original.) Despite that warning, Petitioner has failed to respond to the OSC in any way and it remains unclear whether Petitioner exhausted his claims as required prior to filing a habeas corpus petition.

In sum, the undersigned will recommend this action be dismissed for Petitioner's failure to comply with orders and failure to prosecute. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

## III. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons given above, the undersigned **HEREBY RECOMMENDS** that this action be dismissed for Petitioner's failure to comply with orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the

"right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 7, 2026**

Erin Sny Castillo
UNITED STATES MAGISTRATE JUDGE